IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ELIZABETH MASON, | : | |
| flesh and blood woman, individual, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 14-5640 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                          September 28, 2015

Presently before the court is the motion to "correct the records due to clerical mistake of the office of the clerks' pursuant to Fed. R. Civ. P. 12(b)(1) to properly add additional defendants whom are necessary parties to look into the unlawful restraints and unlawful restrictions upon plaintiffs[sic]/petitioner's liberties" filed by the *pro se* petitioner, Florence Elizabeth Mason, on October 19, 2014.  *See* Doc. No. 3.  In this "motion," the petitioner seeks to have the court add a variety of "defendants," including, among others, judges and staff members of the Philadelphia Municipal Court and the Court of Common Pleas of Philadelphia County, various police officers of the 14th and 35th precincts of the City of Philadelphia Police Department, various individuals from the City of Philadelphia District Attorney's Office, including the District Attorney of the City of Philadelphia, multiple attorneys that have participated in the petitioner's cases, and numerous additional individuals involved in the Philadelphia court system.  *See* Pl. Moves to Correct the Records Due to Clerical Mistake of the Office of the Clerks' Pursuant to Fed. R. Civ. P. 12(b)(1) to Properly Add Add'l Defs. Whom are Necessary Parties to Look into the Unlawful Restraints and Unlawful Restrictions upon Pls./Pet.'s Liberties at 8-17.

Although the petitioner appears to recognize that she has filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in this case, this motion reads like the petitioner is attempting to add additional defendants in a civil action brought under 42 U.S.C. § 1983. While the proper defendants in a section 1983 action would include state actors that purportedly violated a plaintiff's constitutional rights, the "federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).[1] Thus, "there is generally only one proper respondent to a given prisoner's habeas petition[,]" *i.e.* the custodian, and the custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court." *Id.* (citation omitted).

Here, although the court recognizes that it appears that the petitioner is not currently incarcerated and is still awaiting the ultimate disposition of criminal charges pending against her in the Court of Common Pleas of Philadelphia County, none of the individuals and entities that the petitioner seeks to add is her custodian as contemplated by 28 U.S.C. § 2242. While the individuals mentioned in the motion may have played a part in the petitioner's case as it has proceeded to this point, none of the proposed additional parties are proper respondents in this *habeas* petition. Accordingly, the court will deny the motion seeking to add additional parties.

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith, J.*<br>EDWARD G. SMITH, J.

---

[1] The Court also cited to 28 U.S.C. § 2243, which provides that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained." *Rumsfeld*, 542 U.S. at 434 (citing 28 U.S.C. § 2243).