IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ELIZABETH MASON, | : | |
| flesh and blood woman, individual, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 14-5640 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                       December 30, 2015

Currently before the court is a petition for writ of habeas corpus filed by a *pro se* petitioner with criminal charges pending in the Court of Common Pleas of Philadelphia County. The petitioner has filed timely objections to a report and recommendation that recommends that the court dismiss the petition for the failure to exhaust applicable state remedies under 28 U.S.C. § 2254. As discussed below, the court will overrule the objections and adopt the report and recommendation insofar as it recommends that the court dismiss the petition because of the petitioner's failure to exhaust her state remedies; however, the court will modify and supplement the report and recommendation because the petition is properly dismissed for failure to exhaust under 28 U.S.C. § 2241.

### I.      BACKGROUND & PROCEDURAL HISTORY

The *pro se* petitioner, Florence Elizabeth Mason, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on October 1, 2014. Doc. No. 1. This initial filing consisted of, *inter alia*, a completed form "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" that is 15 pages long, an "Original Petition

for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," which is 80 pages long and lists hundreds of respondents/defendants in the caption, and a "Petition in the Nature of a Demand for **Instant Hearing** In re: Restraint of Liberty by Aforementioned Defendants as Listed Herein." *See id.* (emphasis in original).

Although the precise nature of the petitioner's claims is somewhat muddied by the verbose, rambling, and repetitive nature of the allegations,[1] the claims generally relate to criminal charges currently pending in the Court of Common Pleas of Philadelphia County.[2]  The charges include burglary, conspiracy to commit burglary, criminal trespass, criminal mischief, and possession of an instrument of crime, and they were originally docketed with the Philadelphia County Municipal Court at MC-51-CR-52688-2011.  The charges were held over for trial and transferred to the Court of Common Pleas of Philadelphia County in April 2014 and docketed at CP-51-CR-4439-2014.[3]  On October 31, 2014, this criminal matter was consolidated with another criminal case, docketed at CP-51-CR-12471-2011, for trial.[4]  On June 15, 2015, the Honorable Daniel J. Anders continued the trial in the consolidated matters until February 8, 2016, and Judge Anders reaffirmed this trial date on July 15, 2015.  *See* Court of Common Pleas Docket Sheet, *Commonwealth of Pennsylvania v. Florence Mason*, No. CP-51-CR-4439-2014, *available at*: https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0004439-2014 (last accessed on December 28, 2015).

---

[1] Unfortunately, all of the petitioner's submissions are verbose, rambling, and repetitive.  While the court is cognizant of the petitioner's *pro se* status and her strong beliefs concerning the validity of her case and the alleged wrongfulness of the respondents' actions, the verbose and rambling nature of the submissions works against her and renders review of her submissions significantly more difficult than necessary.  Nonetheless, the court has scrutinized all of the submissions in attempting to ascertain the background of this case and the petitioner's claims for relief.

[2] The court compiled the background and procedural history of this case after reviewing the habeas petition (and documents attached thereto) and the criminal dockets referenced by the petitioner in the petition.  The criminal dockets are available online at https://ujsportal.pacourts.us/DocketSheets/CP.aspx (last accessed on December 28, 2015).

[3] In July 2014, the trial court quashed the burglary count and changed the grading of the conspiracy charge from a felony of the first degree to a felony of the second degree.

[4] The petitioner filed a separate habeas corpus petition relating to this other case.  The habeas petition was docketed in this court at No. 2:14-cv-5641.

Regarding the substance of the petitioner's allegations, she appears to complain about virtually every aspect of her criminal prosecution, including, *inter alia*: (1) the lawfulness of her arrest(s) and the actions by the police during the arrest(s); (2) the length of time it has taken her case to get resolved; (3) conflicts of interest with her court-appointed attorneys; (4) ineffective assistance of counsel by her court-appointed attorneys; (5) state officials (including prison officials) intentionally and maliciously preventing her from filing documents with the court; (6) all government officers in the clerk of court's office and the state court conspiring to impede her rights of redress and access to the court; (7) individuals from the clerk of court's office impersonating judges and forging signatures on court documents; (8) the imposition of excessive bail without properly informing her of the charges against her or rendering a finding of probable cause to incarcerate her; and (9) an invalid bench warrant for her arrest. *See* Doc. No. 1. Based on these alleged violations, the petitioner seeks numerous forms of relief, including the dismissal of all charges against her. *Id.*

On October 6, 2014, the petitioner filed an application to proceed *in forma pauperis*. Doc. No. 4. Because the petitioner failed to file a certified application, the court entered an order on October 17, 2014, which required her to either (1) remit the $5.00 filing fee, or (2) submit a completed application. *See* Doc. No. 2.

The petitioner filed a motion to "correct the records due to clerical mistake of the office of the clerks' pursuant to Fed. R. Civ. P. 12(b)(1) to properly add additional defendants whom are necessary parties to look into the unlawful restraints and unlawful restrictions upon plaintiffs[sic]/petitioner's liberties" on October 19, 2014.[5] *See* Doc. No. 3. She then filed a

---

[5] In this "motion," the petitioner sought to have the court add a variety of "defendants," including, among others, judges and staff members of the Philadelphia Municipal Court and the Court of Common Pleas of Philadelphia County, various police officers of the 14th and 35th precincts of the City of Philadelphia Police Department, various individuals from the City of Philadelphia District Attorney's Office, including the District Attorney, and numerous

purported notice of removal from her state court criminal action on November 14, 2014.[6]  *See* Doc. No. 5.

The petitioner filed additional documents relating to her desire to proceed *in forma pauperis* on November 14, 2014, and November 17, 2014.  *See* Doc. Nos. 6, 7.  Because the petitioner again failed to include the required certification, the court entered an order on November 25, 2014, which, *inter alia*, required the petitioner to supply a completed *in forma pauperis* application.  *See* Doc. No. 8.  The petitioner submitted another application on December 31, 2014, in which she indicated that she was not residing in a penitentiary; thus, she would not have to include the certification relating to her prison account.[7]  *See* Application to Proceed in District Ct. Without Prepaying Fees or Costs at 5, Doc. No. 9.

In February and March 2015, the petitioner submitted multiple documents that purportedly related to her petition in this case.  On February 5, 2015, the petitioner filed what she characterized as "Submission of Evidence Exhibits."[8]  *See* Doc. No. 10.  On February 10, 2015, the petitioner filed three submissions.  The first submission is a copy of a portion of a transcript from a hearing on July 7, 2011, in a matter before the Court of Common Pleas of Philadelphia County.  *See* Doc. No. 11.  The second submission consists of a group of documents of which the petitioner claims the court should take judicial notice "so that this and any other courts can not

---

additional individuals involved in the Philadelphia court system.  *See* Pl. Moves to Correct the Rs. Due to Clerical Mistake of the Office of the Clerks' Pursuant to Fed. R. Civ. P. 12(b)(1) to Properly Add Add'l Defs. Whom are Necessary Parties to Look into the Unlawful Restraints and Unlawful Restrictions upon Pls./Pet.'s Liberties at 8-17.  The court denied this motion on September 28, 2015.  *See* Doc. Nos. 24, 25.  The petitioner filed a "Demand for Reconsideration" of this order on November 30, 2015.  Doc. No. 27.  The court will address this "demand" via separate order.

[6] The petitioner appears to have filed this purported removal in response to a trial court order requiring her to submit to a mental health evaluation to determine her competency.  *See* Not. of Removal from State Ct. Crim. Div. Ct. of Common Pleas for Violation of Fed. Laws and Deprivation of Constitutional Rights of the Def. to Enact Malicious Prosecution and Failing to Reach the Ends of Justice Pursuant to Title 28 U.S.C. § 1445(a) & (b)(1) at ¶¶ 7, 8, 11, 17, Doc. No. 5.

[7] The court granted the application on April 1, 2015.  Doc. No. 15.

[8] With this submission, the petitioner attaches various documents (covering over 180 pages) that appear to relate to a landlord/tenant action that preceded the criminal charges in this case.  *See* Doc. No. 10.  The petitioner appears to have written comments on many of these documents.  *See id.*

[sic] continue to lean to their own understanding."[9]  *See* Doc. No. 12.  The third submission consists of more documents that the petitioner claims should serve as evidence of the "irregular" and "improper" state court proceedings.[10]  *See* Doc. No. 13.  On March 18, 2015, the petitioner submitted purported legal authority that the petitioner contends is "binding" on this case and other purported exhibits.[11]  *See* Doc. No. 14.

The court granted the application to proceed *in forma pauperis* and referred this matter to United States Magistrate Judge Carol Sandra Moore Wells for a report and recommendation on April 1, 2015.  *See* Doc. No. 15.  On April 13, 2015, the petitioner filed a motion seeking a court order compelling the clerk of court to provide her with copies of the docket in this case.[12]  *See* Doc. No. 16.  On April 20, 2015, the petitioner filed a 279-page document titled "Judicial Notice

---

[9] Some of the documents included in this 90-page submission are:  (1) an article titled "Self Regulation and the Duty to Report Misconduct, Myth or Mainstay," by Charles B. Plattsmier; (2) a copy of an e-mail dated September 10, 2011, from apparently the petitioner to "newsdesk@cbs3.com," in which she discusses police brutality and misconduct in Municipal Court relating to incidents that occurred prior to the formal filing of criminal charges in this case; (3) an e-mail dated September 19, 2012, from Dionne Stanfield, Esquire, to the petitioner where it appears that Attorney Stanfield attempted to create a timeline about the events leading up to the petitioner's eviction and arrest; (4) a "Summary of Frequently Cited Law for Landlord and Tenant Cases in Pennsylvania and Philadelphia County;" (5) a February 16, 2011 "Unfit for Human Habitation Notice" apparently provided to the petitioner, along with copies of violation notices sent to "Shliomovich Svetlana;" (6) a copy of Rules 4.1 and 4.4 of the Pennsylvania Rules of Professional Conduct; (7) a Violence Against Women Act 2005 Guide for Attorneys; (8) a quarterly newsletter (possibly from the American Bar Association) from Winter 2007 titled "Housing Rights Under VAWA 2005;" (9) a copy of Rule 229 of the Pennsylvania Rules of Civil Procedure; (10) a copy of Rule 102 of the Philadelphia Municipal Court Rules of Civil Procedure; (11) a copy of Rules 1007 and 1008 of the Pennsylvania Magisterial District Court Rules of Civil Procedure; (12) a copy of Rule 214 of the Pennsylvania Rules of Disciplinary Enforcement; and (13) a December 18, 2010 article by Lewis Gainor titled "Truth and Falsity in Prosecutions for 18 USC 1001."

[10] Some of the documents included in this 138-page submission are:  (1) the petitioner's February 2014 request to fire Debra Denise Rainey, Esquire, as her counsel in the state-court criminal proceeding; (2) the petitioner's March 2014 complaint (with attachments) filed with the Office of Disciplinary Counsel – District I against Attorney Rainey; (3) a copy of the bail bond in Docket No. MC-51-CR-52688-2011; (4) bench warrants issued for the petitioner; (5) an envelope sent to Attorney Rainey in which the envelope is marked "refused;" (6) the criminal information issued in Docket No. CP-51-CR-4439-2014; (7) a notice of bail forfeiture in Docket No. MC-51-CR-53688-2011; (8) a petition for writ of habeas corpus that the petitioner alleges was never filed with the state court; (9) October 2011 inmate grievance forms and other documents seemingly completed by the petitioner; (10) a February 2013 motion to vacate bail judgment in Docket No. MC-51-CR-52688-2011; (11) copies of the docket entries in Docket No. MC-51-CR-52688-2011; and (12) notices of various state-court proceedings.  *See* Doc. No. 13.

[11] The majority of the documents included in this 95-page submission are copies of documents the petitioner submitted with her second submission.  The additional documents include:  (1) a copy of Rule 131 of the Philadelphia Municipal Court Rules of Civil Procedure; and (2) copies of appointment of authorized representative forms for the Municipal Court that appear to relate to the petitioner's prior landlord-tenant matter.  *See* Doc. No. 14.

[12] The court granted this motion on July 14, 2015.  Doc. No. 23.

that Cory M. Baritz Tainted and Perverted All Hearings by the Commonwealth."[13]  *See* Doc. No. 17.

On May 5, 2015, Chief Magistrate Judge Wells issued a report and recommendation.  *See* Doc. No. 18.  Although the court had entered an order vacating the original referral to Chief Magistrate Judge Wells, the court entered orders on June 10, 2015 and June 11, 2015, again referring the case to Judge Wells and providing the petitioner with additional time to file objections to Chief Magistrate Judge Wells' May 5, 2015 report and recommendation.  *See* Doc. Nos. 19-21.  The petitioner filed objections (and exceptions) to the report and recommendation on June 28, 2015.  *See* Doc. No. 22.

## II.   DISCUSSION

### A.   Applicable Standard of Review

When a petitioner files timely objections to a report and recommendation by the magistrate judge, the court conducts a *de novo* review of the portions of the report to which the petitioner objects.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge."); *see also Robinson v. Hicks*, 450 F. App'x 168, 172 (3d Cir. 2011) ("The District Court must conduct a de novo review of the portions of the R & R to which objections are made.").  Despite this *de novo* review, the court may "rely upon the magistrate judge's proposed recommendation to the extent that [the court], in the exercise of sound discretion, deem proper."  *Wallace v. Keen*, No. CIV. A. 3:12-cv-1366, 2012 WL 5197948, at *1 (M.D. Pa. Oct. 19, 2012) (citing *United States v. Raddatz,* 447 U.S. 667, 676 (1980) and *Goney*

---

[13] Despite the title, this is another submission in which the petitioner attaches copies of documents that she believes the court should consider in this case.  The documents relate to, *inter alia*, two landlord-tenant matters, another criminal action in Philadelphia County docketed at No. MC-51-CR-1131401-2002, and information about Cory Baritz, Esquire.  *See* Doc. No. 17.

*v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984)). This court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

As indicated above, Chief Magistrate Judge Wells issued a report and recommendation on May 5, 2015. In a June 10, 2015 order, the court provided the petitioner with an additional 14 days from the date of the order to file any objections to the report and recommendation. The petitioner timely filed objections on June 28, 2015.[14] Because the petitioner filed timely objections, the court will review the report and recommendation *de novo*.[15]

### B.     Analysis – Exhaustion of State Remedies

In the report and recommendation, Chief Magistrate Judge Wells points out that the petitioner essentially claims in her habeas petition that "(1) the Commonwealth violated her due process rights by retaliating against her and involuntarily committing her to a mental health facility; (2) she has been denied her right to court access; and (3) several counsel have been ineffective for withdrawing their appearance and abandoning her defense." Report and Recommendation at 2 (citing to Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

---

[14] Although the petitioner filed the objections after the 14-day period set forth in the June 10, 2015 order, she received the benefit of an additional three days to file her objections in accordance with Rules 6(d) and 5(b)(2)(C) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), . . . 3 days are added after the period would otherwise expire under Rule 6(a)); Fed. R. Civ. P. 5(b)(2)(C) (allowing for service by "mailing it to the person's last known address—in which event service is complete upon mailing"). With the additional three days, the time to file the objections fell on June 27, 2015, which was a Saturday. It appears that somehow the objections are noted as being filed on Sunday, June 28, 2015; regardless, they were entered on the docket on Monday, June 29, 2015, the first day following the weekend. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that when dealing with a period of time set forth in a court order that falls on a Saturday or Sunday, "the period continues to run until the end of the next day that is not a Saturday [or] Sunday").

[15] The petitioner briefly mentions in her objections that the court should consider the objections as having been timely filed because the clerk of court did not mail Judge Wells' May 5, 2015 report and recommendation to her until May 7, 2015, did not mail this court's May 14, 2015 order to her until May 15, 2015, and did not mail the June 10, 2015 order until June 17, 2015. Pet.'s Objection & Exception Against Magistrate Misrepresented Report Sent May 7th, 2015 and June 17th, 2015 Demand DeNovo [sic] Hr'g ("Pet.'s Objs.") at 9. In the first instance, the clerk's office sending the report and recommendation to her on May 7, 2015, would not have affected her ability to timely file objections. Secondly, the docket entries in this case indicate that the clerk's office mailed the June 10, 2015 order on that same date, and the document that the petitioner attaches as proof of the date of mailing as June 17, 2015 is actually the report and recommendation filed in the petitioner's other habeas matter, docketed at 2:14-cv-5641. Regardless, the court has already concluded that the petitioner timely filed her objections to the report and recommendation.

Person in State Custody, at 1, 5-11, Doc. No. 1).  Chief Magistrate Judge Wells recommended that this court dismiss the petition because the petitioner failed to exhaust her state-court remedies under 28 U.S.C. § 2254 insofar as she had not been tried yet.  *Id.*  In addition, because the trial was then-scheduled to occur a month later, Chief Magistrate Judge Wells determined that it was appropriate to require exhaustion.  *Id.* at 2.

The petitioner's objections to Chief Magistrate Judge Wells' report and recommendation, while seemingly numerous and covering approximately 23 pages of text (excluding the caption, which is almost nine pages long), can be summarized as objections to the thoroughness and completeness of Chief Magistrate Judge Wells' recitation of the procedural history in this case, a recapitulation of some of the petitioner's grounds for asserting habeas relief, and claims that Chief Magistrate Judge Wells incorrectly concluded that she failed to exhaust her state-court remedies.  Pet.'s Objs. at 9-32.  As discussed below, none of these objections have merit.

Throughout the objections, the petitioner essentially complains that Chief Magistrate Judge Wells failed to completely set forth the facts of the case or otherwise fully review the evidence.  *See, e.g.*, *id.* at 10 ("Petitioner moves this Court to not adopt the Magistrate Carol Sandra Moore's Recommendation Report for its failure in completeness & true investigation of [sic] review of the evidence and the petition that is before this Court.").  It appears that the petitioner has objected on this ground merely because Chief Magistrate Judge Wells did not recite the entire background of this case in the manner in which the petitioner would have liked and by doing so, Chief Magistrate Judge Wells has purportedly attempted to distort the record to preclude her from obtaining relief.  Despite the petitioner's conclusory assertions to the contrary, there is no indication that Chief Magistrate Judge Wells did not fully review the entirety of the petitioner's submissions in this matter and the report and recommendation demonstrate that the

judge reviewed the underlying state-court docket in this case. In addition, Chief Magistrate Judge Wells properly limited her recitation of the background of this case to only those facts relating to a preliminary and fundamental issue in this case, namely whether the petitioner, who has yet to go to trial on her underlying criminal charges, has exhausted her state-court remedies. Therefore, the petitioner's objections to the "completeness" of the report are meritless.[16]

Concerning the fundamental issue in this petition, namely, whether the petitioner exhausted her state-court remedies, the petitioner disagrees with Chief Magistrate Judge Wells' conclusion that she failed to exhaust her state-court remedies. *See, e.g.*, Pet.'s Objs. at 12, 19. The petitioner appears to object to this conclusion not by disagreeing that she has not yet gone to trial or that she has properly presented her claims to the trial court and to any state appellate courts; instead, she appears to argue that the respondents have thwarted her attempts to get relief in the state court by, *inter alia*, failing to act on her submissions (such as her previously-filed habeas petition) and not docketing or taking action on notices of appeal that she has filed. *See id.* at 12, 13, 19, 26.

Before addressing the merits of this argument, the court notes that Chief Magistrate Judge Wells analyzed the exhaustion issue under section 2254 and concluded that the petitioner failed to exhaust her state remedies. Although the court recognizes that some courts have seemingly applied section 2254 to habeas petitions filed by pretrial detainees, 28 U.S.C. § 2241 is the appropriate statute for reviewing the instant petition. In this regard, section 2254(a) states in pertinent part that "a district court shall entertain an application for a writ of habeas corpus in

---

[16] As indicated above, the petitioner also accuses Chief Magistrate Judge Wells of "le[aving] out crucial information about the chronology of the case to give a false rendition/impression of the events to falsely influence the courts that no constitutional or statutory violations had occurred." Pet.'s Objs. at 14. Once again, Chief Magistrate Judge Wells set forth those facts relevant to analyzing whether the petitioner had exhausted her state-court remedies. Additionally and importantly, this court has attempted to decipher the constitutional violations that the petitioner claims occurred in her state-court proceedings, but will not address those claims unless this habeas petition is properly before the court. As explained throughout this opinion, if the petitioner has not exhausted her state remedies, the petition is not properly before this court.

behalf of a person in custody ***pursuant to the judgment of a State court*** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). By its express language, section 2254 can only provide a district court with jurisdiction to hear a habeas petition if the petitioner is in custody "pursuant to the judgment of a State court." *Id.* Although this court could not locate a Third Circuit decision addressing this issue, other Circuit Courts of Appeals have concluded that section 2254 does not apply to pretrial detainees because they are not yet subject to the "judgment of a State court." *See Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) ("Section 2254 . . . by its own terms, does not apply to [the habeas corpus petition filed by a petitioner in custody pursuant to an indictment], and it would be error to apply § 2254 here. We have long recognized that pretrial detainees pursue habeas relief instead under § 2241."); *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011) ("As a pretrial detainee . . . [this] habeas petition is governed by § 2241."); *Walck v. Edmonson*, 472 F.3d 1227, 1234-35 (10th Cir. 2007) (explaining that "our prior cases have established that the somewhat ambiguous term 'judgment of a State Court' within § 2254 refers only to conviction and sentence" and holding that "§ 2241 is the proper avenue by which to challenge pretrial detention, including when such challenges are based on double jeopardy grounds"); *see also Jacobs v. McCaughtry*, 251 F.3d 596, 596 (7th Cir. 2001) (per curiam) (indicating that petitioner's previously-filed habeas petition under section 2254 "is properly classified as a § 2241 petition because it was filed pretrial and not while he was in custody pursuant to judgment of a state court" (citations and internal quotation marks omitted)); *Conover v. Montemuro*, 477 F.2d 1073, 1080 (3d Cir. 1972) ("Until the state court proceeding produces a judgment of the state courts resulting in confinement, 28 U.S.C. § 2254(b) does not apply by its terms even to federal habeas corpus jurisdiction."). In addition, at least two

district court judges in this district have reached the same conclusion. *See Whitney v. Pennsylvania*, No. CIV. A. 12-6241, 2014 WL 1041405, at *2 (E.D. Pa. Mar. 18, 2014) ("When judgment against a petitioner in state criminal proceedings has not yet been entered and a petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under 28 U.S.C. § 2241, not 28 U.S.C. § 2254 because § 2254 requires that the petitioner be 'in custody pursuant to the *judgment* of a State court.'" (emphasis in original)); *Green v. Court of Common Pleas*, No. CIV. A. 08-1749, 2008 WL 2036828, at *6 (E.D. Pa. May 9, 2008) (concluding that "§ 2241 presents the appropriate statutory basis" for habeas petition filed by petitioner awaiting retrial).

Regarding petitions under section 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless[] . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."[17] 28 U.S.C. § 2241(c)(3). Although section 2241 does not contain a statutory exhaustion requirement like section 2254, "an exhaustion requirement has developed through decisional law, applying principles of federalism." *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975). Moreover, "although there is a distinction in the statutory language of [sections] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."[18] *Id.* Accordingly, the petitioner must have exhausted her state-court remedies with respect to her

---

[17] For purposes of this analysis, the court presumes that jurisdiction (excluding the exhaustion issue) lies in this case because the petitioner is "in custody" as required by section 2241(c)(3) insofar as she is free on bail pending final disposition of her case. *See United States ex rel. Russo v. Superior Ct. of N.J., Law Div., Passaic Cty.*, 483 F.2d 7, 12 (3d Cir. 1973) (concluding that petitioner could present double jeopardy violation claim in habeas petition even though he was released on bail awaiting retrial); *see also Bowser v. Farber*, No. CIV. A. 06-0357(SRC), 2006 WL 278913, at *1 (D.N.J. Feb. 2, 2006) ("A state defendant released on bail is 'in custody' within the meaning of § 2241."); *cf. Hensley v. Municipal Ct.*, 411 U.S. 345, 346, 351 (1973) (holding that a petitioner, who had been convicted but released on his own recognizance pending sentencing, was "in custody" "within the meaning of the federal habeas corpus statute"). *But see United States ex rel. Taylor v. Maguire*, 330 F. Supp. 1332, 1334 (E.D. Pa. 1971) ("We hence conclude that one who has been released on bail, without more, is not in custody for purposes of federal habeas corpus.").

[18] Section 2254(b)(1)(A) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A).

claims before the court can consider their merits. *Id.*; *see Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.").

A petitioner must invoke "one complete round of the state's established appellate review process" to exhaust state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In this regard, the petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." *Brown v. Cuyler*, 669 F.3d 155, 158 (3d Cir. 1982) (per curiam). Nonetheless, unless the petitioner demonstrates "extraordinary circumstances," federal courts should not issue writs of habeas corpus at the pretrial stage. *Moore*, 515 F.2d at 443.

With respect to the claims raised in this case, the court recognizes that the petitioner has asserted numerous issues with her underlying state-court criminal case as it has proceeded to this point in time. While understanding the precise procedural history of this case simply by reviewing the petitioner's submissions would be rendered somewhat difficult due to the verbose and repetitive nature of the petitioner's allegations and her references to inapplicable law throughout her various filings in this case, it appears that the origin of the case began with the petitioner's difficulties in a landlord-tenant matter involving her section 8 housing that manifested themselves in the Philadelphia Municipal Court Landlord Tenant Civil Division and resulted in the petitioner and her family being evicted from their home. The petitioner has very strong assertions regarding her beliefs that the landlord-tenant proceedings were unfair or otherwise conducted improperly and in violation of her constitutional rights, and that individuals

responsible for her family's eviction from their home did so violently, wrongfully, and in violation of her constitutional rights.

The landlord-tenant issues generally referenced above appear to have also resulted in the instant criminal charges against the petitioner. The petitioner raises numerous concerns about the underlying state court criminal proceedings, which include, *inter alia*: (1) claims against her court-appointed attorneys that generally amount to claims of ineffective assistance of counsel; (2) opposition to the court-ordered mental health evaluation for purposes of evaluating her competency; (3) her imprisonment (presumably before posting bail or while submitting to the mental health evaluation) without having been convicted; (4) previous, current, and future unfairness and tainting of proceedings by attorney Corey Baritz; (5) issues with the court not acting on her submissions (such as a notice of appeal or a petition for writ of habeas corpus) or the court system not receiving or docketing her submissions; (6) concerns with the number of court-appointed attorneys she has had and the length of time it has taken for her case to get to trial; (7) objections to the consolidation of her criminal cases; and (8) claims that she is actually innocent of all criminal charges. Unfortunately for the petitioner, despite her claims of constitutional violations, she has failed to exhaust these claims or provided exceptional circumstances to justify their review at this stage.

With regard to exhaustion, the petitioner has yet to raise most of the above-claims to any state court, much less present all of them to the state appellate courts.[19] In this regard, the petitioner has not (and could not) raise ineffective assistance of counsel claims at this stage and it

---

[19] Although the petitioner contends that she has been thwarted in her attempt to have some of the claims presented with the state court, the court notes that the petitioner's filing of purported documents does not require action by the court if the petitioner is represented by counsel at the time of filing. In other words, the Commonwealth of Pennsylvania prohibits hybrid representation. *See Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) (explaining that *pro se* submission by a represented defendant constitutes a "legal nullity"); *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal."). And, it appears that the petitioner was represented by court-appointed counsel at all stages of the proceedings.

does not appear, despite the lengthy nature of her case thus far, that she (through her counsel) has raised a speedy trial violation under the United States Constitution (or even under Rule 600 of the Pennsylvania Rules of Criminal Procedure) or that the trial court has addressed any such claim. Additionally, the petitioner can still defend against the Commonwealth's charges in her trial upcoming in February 2016, and she can raise issues relating to the alleged improper consolidation of her criminal cases, speedy trial issues, and any unfairness or bias in her proceedings (presuming that she and her counsel properly present them to the trial court) in an appeal if a jury finds her guilty. Moreover, although the petitioner raises claims relating to the ordering of the mental health evaluation, her submission to said evaluation, and her being imprisoned without being convicted, none of those claims are appropriate for habeas relief as the mental health evaluation has already occurred and the petitioner is currently released on bail and, thus, not incarcerated.

Concerning a determination of "extraordinary circumstances," nothing in the petition presents such extraordinary circumstances to warrant excusing her failure to exhaust state remedies in this case. As indicated above, the court recognizes that the petitioner has strong beliefs in the wrongfulness of the charges against her, the alleged wrongful action and inaction by her court-appointed counsel, the requirement that she submit to a mental health evaluation, the overall fairness of the proceedings, and the court system's alleged inability or unwillingness to act upon her *pro se* filings, but none of these circumstances warrant this court exercising jurisdiction without having the petitioner first exhaust these claims through the state court system.[20] Furthermore, "[a]n alleged denial of [the petitioner's] constitutional right to a speedy

---

[20] As stated in *Moore*:

> [O]rdinarily the federal court should stay its hand on habeas pending completion of the state court proceedings. This qualification plainly stemmed from considerations of comity rather than power,

14

trial is not an 'extraordinary circumstance' that requires federal intervention before the state trial and appellate courts have had an opportunity to consider that claim." *Parker v. Giorla*, No. CIV. A. 12-5293, 2012 WL 6021139, at *2 (E.D. Pa. Nov. 2, 2012) (citing *Moore*, 515 F.2d at 446-47). As indicated above, there is also no indication that the petitioner has presented a federal constitutional right to a speedy trial claim to the Pennsylvania courts. Accordingly, the petitioner

---

and envisaged only the postponement, not the relinquishment, of federal habeas corpus jurisdiction, which had attached by reason of the allegedly unconstitutional detention and could not be ousted by what the state court might decide. As well stated in a later case:

> '. . . While the Federal courts have the power and may discharge the accused in advance of his trial, if he is restrained of his liberty in violation of the Federal Constitution or laws, . . . the practice of exercising such power before the question has been raised or determined in the state court is one which ought not to be encouraged. The party charged waives no defect of jurisdiction by submitting to a trial of his case upon the merits, and we think that comity *443 demands that the state courts, under whose process he is held, and which are equally with the Federal courts charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance. Should such rights be denied, his remedy in the Federal court will remain unimpaired.' (*Cook v. Hart*, 146 U.S. 183, 194-195 (13 S.Ct. 40, 43-44, 36 L.Ed. 934) (1892) other citations in footnote omitted).

These decisions fashioned a doctrine of abstention, whereby full play would be allowed the States in the administration of their criminal justice without prejudice to federal rights enwoven in the state proceedings. Thus the Court has frequently held that application for a writ of habeas corpus should have been denied "without prejudice to a renewal of the same after the accused had availed himself of such remedies as the laws of the State afforded . . .." *Minnesota v. Brundage*, 180 U.S. 499, 500-501 (21 S.Ct. 455, 456, 45 L.Ed. 639). *See also Ex parte Royall*, *supra* (17 U.S.) at 254 (6 S.Ct., at 741). With refinements, this doctrine requiring the exhaustion of state remedies is now codified in 28 U.S.C. s 2254. (footnote omitted) But its rationale has not changed: 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation . . .. Solution was found in the doctrine of comity between courts, a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.' *Darr v. Burford*, 339 U.S. 200, 204 (70 S.Ct. 587, 590, 94 L.Ed. 761). The rule of exhaustion 'is not one defining power but one which relates to the appropriate exercise of power.' *Bowen v. Johnston*, 306 U.S. 19, 27 (59 S.Ct. 442, 446, 83 L.Ed. 455). *Cf. Stack v. Boyle*, 342 U.S. 1 (72 S.Ct. 1, 96 L.Ed. 3); *Frisbie v. Collins*, 342 U.S. 519 (72 S.Ct. 509, 96 L.Ed. 541); *Douglas v. Green*, 363 U.S. 192 (80 S.Ct. 1048, 4 L.Ed.2d 1142).''

372 U.S. at 418-20, 83 S.Ct. at 837.

515 F.2d at 442-43.

has not met her burden to establish extraordinary circumstances to justify review of the claims in the petition prior to the petitioner exhausting them in state court.

### III. CONCLUSION

The court agrees with Chief Magistrate Judge Wells that the petitioner has failed to exhaust her state remedies with respect to the issues raised in this case and the court will overrule the petitioner's objections. The court will adopt the part of the report recommending dismissal for failure to exhaust, but the court will modify the report insofar as the petition is properly subject to dismissal under section 2241, and not section 2254, for the petitioner's failure to exhaust and failure to demonstrate exceptional circumstances warranting review prior to exhaustion. Accordingly, the court will overrule the objections to the report and recommendation, modify the report and recommendation because dismissal in this case is proper for failure to exhaust under section 2241, and dismiss the petition without prejudice to refile once the petitioner has fully exhausted her state court remedies.[21]

BY THE COURT:


/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.

---

[21] In the report and recommendation, Chief Magistrate Judge Wells recommended that the court not issue a certificate of appealability. *See* Report and Recommendation at 3. Because this court is treating the petition as being filed under section 2241, and not under section 2254, an appeal from this decision is not governed by the certificate of appealability requirement. *See United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), *abrogated on other grounds by Gonzalez v. Thaler*, 132 S. Ct. 641, 649 (2012). Accordingly, the court has not addressed this issue in this case.