IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ELIZABETH MASON, | : | |
| flesh and blood woman, individual, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 14-5640 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 30th day of December, 2015, the petitioner having filed a "Demand for Reconsideration" on November 30, 2015 (Doc. No. 27); and it appearing that the "demand" is actually a motion seeking to have the court reconsider the September 28, 2015 order denying the petitioner's motion to add additional defendants, *see* Demand for Recons. ("Demand") at 7-8; and the petitioner having provided insufficient grounds for reconsideration of the order;[1] and the demand being rendered moot by the dismissal of the habeas petition; accordingly, it is hereby **ORDERED** that the demand for reconsideration (Doc. No. 27) is **DENIED**.

BY THE COURT:

/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.

---

[1] In the "demand," the petitioner complains that the court failed to correct a mistake in listing the necessary "defendants" in this case as those "defendants" were supposedly named as such in a previous filing. *See* Demand at 7-8. She also goes through a lengthy argument about who her proper custodian is and how all of the "defendants" (and proposed additional "defendants") are actually her custodians. *See id.* at 10-16. These claims have no merit. First, there is no indication that the clerk of court's office wrongfully identified the respondents in this case. Second, as explained in the September 28, 2015 memorandum opinion, the only properly named respondent in this habeas case is the person maintaining custody over the petitioner. *See* Memorandum Op. at 2. Despite the petitioner's attempts to argue otherwise, none of the individuals and entities that the petitioner sought to add would seemingly qualify as her "custodian." Moreover, even if one of those individuals or entities constituted the proper custodian, resolution of this issue is moot because the court has dismissed the habeas petition for the petitioner's failure to exhaust her state remedies.